IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JEREMY LEE HICKS, #1717563 | § | |
| VS. | § | CIVIL ACTION NO. 2:16cv865 |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OF DISMISSAL**

Petitioner Jeremy Lee Hicks, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered petition for habeas corpus. The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Roy Payne, who issued a Report and Recommendation concluding that the petition should be dismissed with prejudice as time-barred. The Report found that Petitioner's federal petition, filed on August 1, 2016, is over 4 years (1,557 days) too late. Mr. Hicks has filed an "application for certificate of appealability with suggestions in support" which the Court will construe as objections to the Report.

**Standard of Review and Reviewability**

Where a magistrate judge's report has been objected to, the district court reviews the recommendation *de novo* pursuant to Federal Rule of Civil Procedure 72. *See also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or

1

specified proposed findings and recommendations to which objection is made."). During a *de novo* review, a court examines the entire record and makes an independent assessment of the law. When no objections are filed, plaintiff is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc* ).

**Discussion and Analysis of Plaintiff's Objections**

The Report found that Mr. Hicks's petition is barred by limitations and should be dismissed with prejudice because Mr. Hicks failed to file his federal writ petition within the statute of limitations provided in § 2244(d) of AEDPA. Mr. Hicks has never disputed that his federal writ is time-barred; however, he claims that the prison library system is inadequate to meet his research needs for appellate purposes. In his objections, he repeats the claim that he proved that an "exceptional impediment" prevented him from meeting the time limits set forth by the AEDPA. Mr. Hicks argues that the Report was generally incorrect and that the Report "just called him stupid in so many words". *See* Objections at 3.

Hicks's assertions regarding the law library cannot justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (neither "excusable neglect" nor ignorance of the law justifies equitable tolling); *see also Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *Felder*,

204 F.3d at 171 ("[P]roceeding pro se is not a rare and exceptional circumstance[.]"); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). A petitioner's ignorance of the law, lack of knowledge of filing deadlines, pro se status, illiteracy, and lack of legal training will not support equitably tolling the AEDPA limitations period. *See Felder v. Johnson*, 204 F.3d at 171–72.

Hicks's conclusory allegations do not prove an extraordinary circumstance entitling him to equitable tolling. Here, Hicks has not alleged, let alone proven, the existence of exceptional circumstances or that he acted with reasonable diligence. *See generally* Fed. Writ Pet. This case does not present the necessary "rare and exceptional circumstances" to merit such tolling. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Moreover, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. Hicks failed to diligently pursue such relief. One component of the obligation to pursue rights diligently is not to squander the one-year grace period. *Johnson v. Quarterman*, 483 F.3d 278–88 (5th Cir. 2007). Hicks waited more than 4 years to challenge his conviction. It cannot be said that Hicks was diligent in pursuing relief. Consequently, he is not entitled to equitable tolling. His objection will be overruled.

To the extent Mr. Vaughn generally objects to the Report and Recommendation, this is insufficient to present an argument. Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. *See* Fed. R. Civ. P. 72(b). If the party

fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required. *See Battle v. United States Parole Commission,* 834 F.2d at 421. Mr. Vaughn's general objections in this instance are not specific enough to warrant *de novo* review. They are overruled.

Mr. Vaughn's objections are without merit. The Report of the Magistrate Judge, which contains the proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections adequately presented by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 12th day of July, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE